[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2010
JOHN LEY
CLERK

No. 09-15927
Non-Argument Calendar

_____

Agency Nos. A098-534-620
A098-534-621

DELON ANTHONY MAGUA,
TARYN WENDY MAGUA, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 28, 2010)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Delon Anthony Magua, his wife, Taryn Wendy Magua, and their children, Caleb Ryden Magua and Shania Magua, all natives and citizens of South Africa, seek review of the Board of Immigration Appeals' (BIA's) order dismissing their appeal of the Immigration Judge's (IJ's) order denying their applications for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT),[1] pursuant to 8 U.S.C. §§ 1158, 1231(b)(3), and 8 C.F.R. § 208.16(c). Magua[2] asserts the BIA erred in denying his applications for asylum and withholding of removal because the incidents of violence he suffered are sufficient to establish past persecution on account of his race.[3] After review,[4] we deny the petition.

---

[1] Magua fails to argue his CAT claim in his brief, and thus, the issue is abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned").

[2] Throughout the remainder of this opinion, Magua's name will be used to refer to all of the petitioners collectively.

[3] Magua further contends he has a well-founded fear of future persecution based on a pattern and practice of persecuting white South Africans. However, he failed to raise this argument before the BIA and we lack jurisdiction to consider an unexhausted argument. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding we lack jurisdiction to review claims that were not exhausted before the BIA).

[4] To the extent the BIA's decision was based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2002). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." *See* 8 U.S.C. § 1158(b)(1)(A). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2002). In order to carry this burden, the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). Moreover, "evidence that either is consistent with acts of private violence . . . or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz*, 440 F.3d at 1258. In order to prove eligibility for withholding of removal, an alien must show it is "more likely than not she will be persecuted or tortured upon being returned to her country." *Sepulveda v. U.S. Att'y*

compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

3

*Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (quotations omitted). This standard is more stringent than the "well-founded fear" standard for asylum. *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1324 n.2 (11th Cir. 2001).

Substantial evidence supports the IJ's and the BIA's conclusions[5] that Magua did not show a nexus between the harm he suffered and a protected ground. First, two of the incidents of robbery Magua described happened when he was not home, so he had no way of knowing who committed the crimes or their motive. Second, during one of the auto parts store robberies, the perpetrators robbed the black store customers as well as Magua, suggesting that Magua was targeted for his money, not because of his race. Third, the fact racial slurs were used during the store robberies does not establish the perpetrators were singling Magua out because of his race, because, as noted above, in one instance the perpetrators also robbed the black customers. Finally, the frequency of the events does not show they were related, as Magua presented no evidence the perpetrators were the same people or had any connection to him or to each other. Accordingly, because the evidence does not show that Magua was singled out because of his race, and because Magua presented no evidence except for the frequency of the events to show they were

---

[5] When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's opinion. *Al Najjar*, 257 F.3d at 1284. Here, the BIA agreed with the IJ's opinion, but made additional findings, and, thus, we will review both decisions.

related, he failed to meet his burden of establishing he was targeted because of his race. Furthermore, the evidence supports the IJ's and the BIA's determination Magua was the victim of unfortunate crime, but not a victim of persecution on account of his race. Therefore, Magua failed to establish his eligibility for asylum or withholding of removal.

**PETITION DENIED.**